# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OSCAR CEASER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-03723 (UNA) |
| | ) | |
| REGGIE B. WALTON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Before the Court is Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and as explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Woodland, California, sues a federal judge of this district court. *See* Compl. at 1–2. The Complaint is vague and difficult to follow. As best understood, Plaintiff takes issue with the dismissal of one or more matters that he filed in this district; more specifically, he contends that, when a litigant is granted a fee waiver, a case cannot be "closed" until summonses are issued. *See id.* at 4; *see* Compl. Memorandum ("Compl. Memo"), ECF No. 1-1, at 1. He demands that a "settlement of 21 billon dollar[s], from his lawyer Barack Obama." Compl. Memo at 1.

First, *pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d

661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). As here, a confused narrative of charges and conclusions does not comply with the requirements of Rule 8, *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted), and the Complaint neither provides adequate notice of a claim nor establishes this Court's subject matter jurisdiction.

Second, Plaintiff has failed to state a claim, even if that claim was better pleaded. A district court may, under many different circumstances, dismiss a case *sua sponte*, and it is not required to issue summons following the submission or grant of an IFP application; indeed, when an IFP application is filed, the Court must preliminarily "screen" a case for potential defects, and if defective, dismiss the case, as statutorily required by 28 U.S.C. § 1915(e)(2). *See Haba v. Arthur*, 851 F. App'x 405, 406 (4th Cir. 2021) (per curiam) ("[S]ervice was not required before dismissing the action for failure to state a claim [under] 28 U.S.C. § 1915(e)(2)."); *Chow v. United States*, No. 23-2842, 2024 WL 5220899, at *1 (9th Cir. Dec. 26, 2024) ("Contrary to Chow's contention, the district court was not required to issue summons following Chow's submission of a motion to proceed *in forma pauperis*") (citing 28 U.S.C. § 1915), *cert. denied*, --- S.Ct. ----, No. 25-5380, 2025 WL 2906579 (Oct. 14, 2025).

Finally, and assuming *arguendo* that Plaintiff had stated a claim, judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money

damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). And "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."). Because the actions alleged by Plaintiff—i.e., dismissals of his cases—are undisputably judicial acts, Defendant is thus immune from suit.

Accordingly, and for these reasons, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: January 2, 2026

/s/_____
ANA C. REYES
United States District Judge